IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHIA YI CHIN JWU ENTERPRISE CO., LTD. <br><br> Plaintiffs, <br><br> v. <br><br><br> IDEA NUOVA, INC., FASHION ACCESSORY BAZAAR LLC, FAB STARPOINT LLC, AND JO-ANN STORES, INC. <br><br> Defendants. | Civil Action No. 09 CIV. 3008 <br><br> District Judge P. Kevin Castel <br><br> JURY TRIAL DEMANDED |

## DEFENDANT IDEA NUOVA, INC.'S
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Idea Nuova, Inc. ("Idea Nuova"), by and through their undersigned counsel, hereby responds using like-numbered Paragraphs to the Complaint of Plaintiff, Chia Yi Chin Jwu Enterprise Co., Ltd. ("Chia" or "Plaintiff") based upon their current knowledge, information and belief, sets forth their affirmative defenses now known to them, and states their counterclaims against Plaintiff, as follows:

## THE PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Admitted.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits that this Court has personal jurisdiction over Idea Nuova by reason of Idea Nuova having transacted business in the State of New York. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Fashion Accessory or FAB Starpoint. Defendant otherwise denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits that this Court has subject matter jurisdiction over this action.

9. Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is necessary, Defendant admits that venue is proper.

## FACTS

10. Paragraph 10 of the Complaint is admitted in part and denied in part. Defendant admits that U.S. Patent No. 6,332,646 ("the '646 patent") entitled "Foldable Chair Frame" was issued by the U.S. Patent and Trademark Office ("Patent Office") on December 25, 2001. Defendant is without sufficient knowledge or information sufficient to form a belief that all the conditions for patentability and requirement for obtaining a patent under the Patent Act were properly followed with good faith and candor, and therefore denies that the '646 patent was "duly" issued.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint. Defendant denies that the papers attached as Exhibit B to the Complaint demonstrate that maintenance fees were properly paid for the '646 patent.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint. Defendant denies that the papers attached as Exhibit C to the Complaint demonstrate that maintenance fees were properly paid for the '646 patent.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

## COUNT I – PATENT INFRINGEMENT

17. To the extent Paragraph 17 of the Complaint requires a response, Defendant admits that Plaintiff purports to assert a claim for patent infringement under 35 U.S.C. § 271 *et. seq.*

18. Paragraph 18 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed necessary, Defendant restates and incorporates by reference its responses to Paragraphs 1-16.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint with respect Idea Nuova. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Jo-Ann Stores, Fashion Accessory or FAB Starpoint.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint with respect Idea Nuova. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Jo-Ann Stores, Fashion Accessory or FAB Starpoint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint with respect Idea Nuova. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Jo-Ann Stores, Fashion Accessory or FAB Starpoint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

## PRAYER FOR RELIEF

1-7. Defendant denies that Plaintiff is entitled to any of the relief request in Plaintiff's Prayer for Relief against Idea Nuova. Plaintiff's prayer for relief should therefore be denied in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses:

23. Plaintiff fails to state a claim upon which relief can be granted.

24. Plaintiff lacks standing to sue because Plaintiff is not the sole owner of all the rights, title, and interest in the '646 patent. On information an belief, the sole inventor Mr. C. H. Tseng licensed the '646 patent to a large entity on January 1, 2005. Furthermore, Plaintiff purports to have acquired all rights to the '646 patent on March 27, 2009 by assignment from the sole inventor Mr. C. H. Tseng and two additional individuals, Brenda Chen and Chin Lin, to

which no record of chain of title to the '646 patent has been filed with the Patent Office establishing their ownership rights to the '646 patent.

25. Upon information and belief, one or more claims of the '646 patent are invalid and/or unenforceable for one or more of the following reasons:

    A. One or more claims of the '646 patent are anticipated under 35 U.S.C. § 102 in view of one or more prior art references;

    B. One or more claims of the '646 patent are obvious under 35 U.S.C. § 103 in view of one or more prior art references;

    C. The specification of the '646 patent does not set forth the best mode contemplated by the inventor for carrying out the alleged invention, discovery, or improvement purported to be covered by the '646 patent, as required by 35 U.S.C. §112, first paragraph;

    D. The specification of the '646 patent does not contain an adequate written description of the alleged invention, discovery, or improvement purported to be covered by the '646 patent, and the specification fails to describe the alleged invention, discovery or improvement in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to practice the alleged invention, discovery or improvement, as required by 35 U.S.C. §112, first paragraph;

    E. One or more claims of the '646 patent are invalid for indefiniteness under 35 U.S.C. § 112, second paragraph; and

    F. The '646 patent is invalid under 35 U.S.C. §§ 102(f), 116 and/or 256 for failing to name the correct inventor(s).

26. Upon information and belief, Plaintiff failed to comply with 35 U.S.C. § 287 by not properly marking their patented articles, thereby precluding claims for damages for acts of alleged infringement occurring prior to commencement of this action.

27. Upon information and belief, Plaintiff's actions under the '646 patent are barred or otherwise limited under the doctrines of estoppel, waiver, unclean hands and/or laches.

28. Upon information and belief, the claims of the '646 patent are unenforceable as a result of the inequitable conduct of the applicant, his attorneys and/or agents in the prosecution of the '646 patent. The inequitable conduct includes misrepresentations to the Patent Office that Mr. Chun-Hsien Tseng was the sole inventor of the '646 patent with the intent to deceive the Patent Office while knowing that Brenda Chen and Chin Lin were also inventors to the '646 patent. The '646 patent was issued with Mr. Tseng as the sole inventor.

29. There may be additional defenses to the cause of action alleged by Plaintiff that are currently unknown to Idea Nuova. Therefore, Idea Nuova reserves the right to amend this Answer to allege additional defenses in the event discovery of other information indicates they are appropriate.

## COUNTERCLAIMS

Counterclaim-Plaintiff, Idea Nuova, Inc. ("Idea Nuova") asserts the following counterclaims against Chia Yi Chin Jwu Enterprise Co., Ltd ("Chia" or "Counterclaim-Defendant").

30. This is an action seeking declaratory judgment of (a) non-infringement by Idea Nuova and (b) invalidity of U.S. Patent No. 6,332,646 ("the '646 patent").

31. Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) and upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) and because Chia has consented to venue in this district by filing the Complaint for infringement of the '646 patent against Idea Nuova in this district.

32. Idea Nuova is a New York corporation with a business address of 302 Fifth Ave. 3rd Floor, New York, NY 10001.

33. Upon information and belief, Chia is a corporation organized and existing under the laws of Taiwan, having its principal place of business at No. 3, Ting-His-Hsin, Lu Man Tsun, Chu-Chi Hsiang, Chia Yi Hsien, Taiwan.

34. Upon information and belief, Chia alleges to own all the right, title and interest in the '646 patent by assignment.

35. In view of the Complaint in this suit, an actual case or controversy exists between Idea Nuova and Chia over whether the '646 patent is invalid, unenforceable and not infringed.

## COUNT I
### (Non-infringement of the '646 Patent)

36. The averments of Paragraphs 30 through 35 are repeated and realleged as if fully set forth herein.

37. Upon information and belief, the '646 patent entitled "Foldable Chair Frame" was issued on December 25, 2001, listing on its face Chun-Hsien Tseng as the sole inventor.

38. Chia has accused Idea Nuova of infringing the '646 patent and an actual and justiciable controversy exists between Chia and Idea Nuova with respect to the '646 patent.

39. Idea Nuova has not infringed and is not infringing, and has not induced or contributed to and is not inducing or contributing to the infringement of the claims of the '646 patent, either literally or by equivalents, by its manufacture, sale, distribution and/or marketing of its folding chair products.

## COUNT II
### (The Claims of the '646 Patent are Invalid as Anticipated by Prior Art)

40. The averments of Paragraphs 30 through 39 are repeated and realleged as if fully set forth herein.

41. Upon information and belief, one or more claims of the '646 patent are invalid as being anticipated under 35 U.S.C. § 102 by one or more prior art references and/or devices.

## COUNT III
**(The Claims of the '646 Patent are Invalid for Obviousness)**

42. The averments of Paragraphs 30 through 41 are repeated and realleged as if fully set forth herein.

43. Upon information and belief, one or more claims of the '646 patent are invalid as being obvious under 35 U.S.C. § 103(a) in view of one or more prior art references and/or devices.

## COUNT IV
**(The Claims of the '646 Patent are Invalid for Failing to Name the Correct Inventors)**

44. The averments of Paragraphs 30 through 43 are repeated and realleged as if fully set forth herein.

45. Upon information and belief, the '646 patent is invalid for improper inventorship under 35 U.S.C. § 102(f) because Brenda Chen and Chin Lin are not listed as inventors to the '646 patent and they are believed to have invented at least some of the claimed subject matter of the '646 patent.

## COUNT V
**(The Claims of the '646 Patent are Invalid for Failing to Disclose Best Mode)**

46. The averments of Paragraphs 30 through 45 are repeated and realleged as if fully set forth herein.

47. Upon information and belief, one or more claims of the '646 patent are invalid for failure of the specification to disclose the best mode for practicing the claimed invention, as required under 35 U.S.C § 112, first paragraph.

## COUNT VI
**(The Claims of the '646 Patent are Invalid for Inadequate Written Description)**

48. The averments of Paragraphs 30 through 47 are repeated and realleged as if fully set forth herein.

49. Upon information and belief, one or more claims of the '646 patent are invalid for failure of the specification to provide an adequate written description, as required under 35 U.S.C § 112, first paragraph.

## COUNT VII
### (The Claims of the '646 Patent are Invalid for Lack of Enablement)

50. The averments of Paragraphs 30 through 49 are repeated and realleged as if fully set forth herein.

51. Upon information and belief, one or more claims of the '646 patent are invalid for failure of the specification to contain an enabling disclosure, as required under 35 U.S.C § 112, first paragraph.

## COUNT VIII
### (The Claims of the '646 Patent are Invalid for Indefinitness)

52. The averments of Paragraphs 30 through 51 are repeated and realleged as if fully set forth herein.

53. Upon information and belief, one or more claims of the '646 patent are invalid for indefiniteness under 35 U.S.C § 112, second paragraph.

## COUNT IX
### (The Claims of the '646 Patent are Unenforceable for Inequitable Conduct)

54. The averments of Paragraphs 30 through 53 are repeated and realleged as if fully set forth herein.

55. Upon information and belief, the claims of the '646 patent are unenforceable as a result of the inequitable conduct of the applicant, his attorneys and/or agents in the prosecution of the '646 patent. Idea Nuova alleges that the inequitable conduct comprises intentional misrepresentations and omissions to the U.S. Patent and Trademark Office ("Patent Office") including the signing of a false oath or declaration of inventorship for the '646 patent, in violation of 37 C.F.R. § 1.63, by materially misrepresenting Mr. Chun-Hsien Tseng as the sole inventor to the claims of the '646 patent.

## COUNT X
### (The Claims of the '646 Patent are Barred from Recovering Damages for Failure to Mark)

56. The averments of Paragraphs 30 through 55 are repeated and realleged as if fully set forth herein.

57. Chia is barred, in whole or in part, from collecting damages prior to the commencement of this action by virtue of the failure to properly mark their folding chair products covered by the claims of the '646 patent pursuant to 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff, Idea Nuova, Inc., prays for judgment in its favor and against Counterclaim-Defendant Chia Yi Chin Jwu Enterprise Co., Ltd. that:

A. The claims that Idea Nuova infringes Chia's '646 patent be dismissed with prejudice in all respects and that Chia takes nothing thereby;

B. The '646 patent be held invalid, unenforceable and/or not infringed, either directly, contributorily or by inducement;

C. Judgment be entered against Chia;

D. The case be declared exceptional under the provisions of 35 U.S.C. § 285 and that judgment be granted awarding Defendant Idea Nuova its attorneys' fees and costs of suit (including expert fees); and

E. Such other and further relief as the Court deems just and proper.

[continued on next sheet]

## DEMAND FOR JURY TRIAL

Idea Nuova, Inc. demands a trial by jury for all claims and issues triable by jury pursuant to Fed. R. Civ. P. 38.

Dated: May 11, 2009

Respectfully Submitted,

Y. Jae Kim (YK 9712)
Panitch Schwarze Belisario & Nadel LLP
One Commerce Square, Suite 2200
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 965-1330

Attorney for Defendant, Idea Nuova, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2009 a true and correct copy of DEFENDANT IDEA NUOVA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was served on the following individuals via ECF/U.S. First Class Mail.

David Leason, Esquire
Peter S. Sloane, Esquire
Leason Ellis LLP
81 Main Street, Suite 503
White Plains, New York, 10601
Attorneys for Plaintiff Chia Yi Chin Jwu Enterprise Co., Ltd.

Mike Hassan, Esq.
Wachtel & Masyr LLP
110 East 59th Street
New York, NY 10022
Attorney for Defendants Fashion Accessory Bazaar LLC and FAB Starpoint LLC

By: _____
Y. Jae Kim